1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9

10

11  MICHAEL CLARK,                    )
         #67471                        )
                                       )
12          Plaintiff,                 )          2:10-cv-00882-RLH-RJJ
                                       )
13  vs.                                )
                                       )          **ORDER**
14  NDOC MEDICAL,                      )
                                       )
15          Defendant.                 )
    _____/

16

17          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  The court now

18  reviews the complaint.

19  **I.  Screening Standard**

20          Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a

21  prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

22  "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

23  is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an

24  arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,

25  therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

26  where the factual contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a

1    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

2    *v. Arizona*, 885 F.2d 639, 640 (9ᵗʰ Cir. 1989).

3            Dismissal of a complaint for failure to state a claim upon which relief may be granted is

4    provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

5    Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under

6    Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*,

7    232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the

8    elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

9    above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965

10   (2007). "The pleading must contain something more...than...a statement of facts that merely creates a

11   suspicion [of] a legally cognizable right of action." *Id*.  In reviewing a complaint under this standard,

12   the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex*

13   *Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

14   plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

15           Allegations in a *pro se* complaint are held to less stringent standards than formal

16   pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

17   519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

18   Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the

19   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

20   conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

21   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

22   allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*

23   *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

24

25

26

2

1    To sustain an action under section 1983, a plaintiff must show (1) that the conduct

2    complained of was committed by a person acting under color of state law; and (2) that the conduct

3    deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689

4    (9th Cir. 2006).

5    **II.  Instant Complaint**

6    Plaintiff, who is incarcerated at High Desert State Prison ("HDSP") has sued what he

7    terms "Nevada Department of Corrections Medical" ("NDOC Medical") at HDSP as well as at Southern

8    Desert Correctional Center ("SDCC").  Plaintiff alleges that since about May 2008, NDOC medical staff

9    at both institutions have been deliberately indifferent to his "illness and injury" in violation of his Eighth

10   Amendment and Fourteenth Amendment rights.

11   As an initial matter, while plaintiff alleges, without elaboration, a violation of his

12   Fourteenth Amendment due process rights, "[w]here a particular amendment 'provides an explicit

13   textual source of constitutional protection' against a particular sort of government behavior, 'that

14   Amendment, not the more generalized notion of "substantive due process," must be the guide for

15   analyzing [a plaintiff's] claims.'"  *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for

16   plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).  Therefore, plaintiff's claims will be

17   analyzed  under the Eighth Amendment right to be free from cruel and unusual punishment rather any

18   generalized notions of substantive due process under the Fourteenth Amendment, and his Fourteenth

19   Amendment claim must be dismissed with prejudice.

20   The Eighth Amendment prohibits the imposition of cruel and unusual punishments and

21   "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency."  *Estelle*

22   *v. Gamble*, 429 U.S. 97, 102 (1976).  A detainee or prisoner's claim of inadequate medical care does not

23   constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate

24   indifference to serious medical needs."  *Id.* at 106.  The "deliberate indifference" standard involves an

25   objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently

26   serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298

(1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*)*, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury.  *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

1    Plaintiff alleges only that unidentified NDOC medical personnel have ignored his

2  unidentified illness and injury in violation of his Eighth Amendment rights.  This court finds that the

3  claims are so vague that it is unable to determine whether the current action is frivolous or fails to state

4  a claim for relief.  The court has determined that the complaint does not contain a short and plain

5  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

6  policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.

7  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must describe who

8  specifically was deliberately indifferent to what specific serious medical needs.  Because plaintiff has

9  failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

10    Plaintiff must identify at least one of the defendants by name and must allege with at least

11  some degree of particularity overt acts engaged in by defendants that support plaintiff's claim.  *Jones.*

12  733 F.3d at 649.  While plaintiff has not identified any defendants or described how they have acted or

13  failed to act in violation of his constitutional rights, the Civil Rights Act under which this action was

14  filed provides:

15    Every person who, under color of [state law]    . . . subjects, or causes to
    be subjected, any citizen of the United States. . . to the deprivation of any
16    rights, privileges, or immunities secured by the Constitution. . . shall be
    liable to the party injured in an action at law, suit in equity, or other
17    proper proceeding for redress.  42 U.S.C. § 1983.

18
19  The statute plainly requires that there be an actual connection or link between the actions of the

20  defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v. Department*

21  *of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has

22  held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning

23  of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

24  perform an act which he is legally required to do that causes the deprivation of which complaint is

25  made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Therefore, this complaint must also be

26  dismissed because plaintiff has failed to name any specific defendants and link them with some

affirmative act or omission.

However, because plaintiff's allegations may implicate his Eighth Amendment rights, he has leave to file an amended complaint.  If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions.  Again, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claim is **DISMISSED** with prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original

complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:10-CV-00882-RLH-RJJ**, above the words "FIRST AMENDED"in the space for "Case No."

IT IS FURTHER ORDERED that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

IT IS FURTHER ORDERED that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

DATED this ____25th____ day of _____August_____, 2010.

_____
ROGER L. HUNT
Chief United States District Judge