1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11 MICHAEL CLARK,                                )
       #67471                                          )
12                                                        )
              Plaintiff,                              )          2:10-cv-00882-RLH-RJJ
13                                                        )
       vs.                                            )
14                                                        )          **ORDER**
       NDOC MEDICAL,                         )
15                                                        )
              Defendant.                            )
                                                            /

16

17          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  On August 25,

18  2010, the court dismissed plaintiff's complaint with leave to file an amended complaint (docket #9).

19  When more than the allotted time had passed and plaintiff failed to file an amended complaint, the court

20  dismissed this action with prejudice (docket #15).  On December 6, 2010, plaintiff filed a motion for

21  district judge to reconsider order (docket #17).  In his motion, plaintiff stated that he had in fact filed an

22  amended complaint and that he thought the amended complaint may have been filed in another of the

23  several actions plaintiff has pending before this court.  The court has discovered that, due to plaintiff's

24  error, his amended complaint was filed in another case.  The court has directed the Clerk to correct the

25  error and file the amended complaint in this case (docket #24).

26

1    Accordingly, plaintiff's motion for district judge to reconsider order (docket #17) is

2  granted.  This court's order dismissing this action with prejudice (docket #15) is vacated, and the

3  judgment is vacated (docket #16).

4    The court now reviews plaintiff's amended complaint (docket #24).

5  **I. Screening Standard**

6    Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a

7  prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

8  "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

9  is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an

10 arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,

11 therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

12 where the factual contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a

13 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

14 *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

15    Dismissal of a complaint for failure to state a claim upon which relief may be granted is

16 provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

17 Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under

18 Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*,

19 232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the

20 elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

21 above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965

22 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a

23 suspicion [of] a legally cognizable right of action." *Id*.  In reviewing a complaint under this standard,

24 the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex*

25 *Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

26 plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

1    Allegations in a *pro se* complaint are held to less stringent standards than formal

2  pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

3  519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

4  Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the

5  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

6  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

7  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

8  allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever

9  v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, "a finding of factual frivolousness is appropriate

10 when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

11 judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

12 When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

13 complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

14 that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106

15 (9th Cir. 1995).

16    To sustain an action under section 1983, a plaintiff must show (1) that the conduct

17 complained of was committed by a person acting under color of state law; and (2) that the conduct

18 deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689

19 (9th Cir. 2006).

20 **II.  Instant Complaint**

21    In his first amended complaint, plaintiff, who is incarcerated at Northern Nevada

22 Correctional Center ("NNCC"), now sues the Nevada Department of Corrections ("NDOC"), NDOC

23 Medical Director Dr. Bannister, Dr. Sanchez, Dr. Moffett, the following nurses, whom he identifies by

24 first name only: John, Betty, and Ben, and Doe nurses 1 and 2.  While it is unclear what plaintiff claims

25 transpired at which institution, he alleges that since about May 2008, medical staff at Southern Desert

26 Correctional Center ("SDCC") and High Desert State Prison ("HDSP") have been deliberately

1   indifferent to his serious medical needs in violation of his Eighth Amendment rights.

2          In count I, plaintiff claims that he sustained several injuries on June 30, 2008, including

3   eye injuries, back injuries, knee injury, nerve damage and chest pain.  He does not further describe these

4   injuries except with the conclusory statement that they are all "long lasting and serious."  He claims

5   generally that nursing staff at SDCC and HDSP as well as Dr. Sanchez ignored plaintiff when he

6   requested treatment.

7          In count II, plaintiff claims that Dr. Moffett failed to provide treatment for an eye injury.

8   Plaintiff alleges only that his eye became infected and now only surgery will correct his vision.  He also

9   notes that he went to the infirmary several times with chest pains, "nothing was done," and he was

10  charged for each visit.

11          In count III, plaintiff claims generally that his diabetes has not been properly monitored

12  or treated by "the defendants," resulting in increasing pain and permanent physical damage.

13          In its order dismissing plaintiff's original complaint with leave to amend, the court

14  advised plaintiff that a detainee or prisoner's claim of inadequate medical care does not constitute cruel

15  and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level

16  of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The

17  "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged

18  deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834

19  (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

20  "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct

21  undertaken for the very purpose of causing harm.  *Farmer*, 511 U.S. at 837.  A prison official does not

22  act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk

23  to inmate health or safety." *Id.*

24          In his amended complaint, plaintiff fails to describe his injuries and illnesses beyond the

25  conclusory statement that they are "serious."  He provides no specific facts regarding the injuries alleged

26  in count I.  In count II, while he claims that he needs surgery to correct his vision, he does not allege that

he is blind, or provide any facts regarding the severity of the alleged damage to his eyesight.  While in count III he states he has suffered permanent physical damage due to lack of treatment of his diabetes, he provides no further facts.  He has not set forth factual allegations to demonstrate that medical personnel (and again, it's not clear which institution he's referring to throughout the complaint) knew of and disregarded excessive risks to his health.  As plaintiff has already been given an opportunity to amend, further amendment is futile.  Accordingly, plaintiff's complaint is dismissed with prejudice for failure to state a claim for which relief may be granted.

Finally, plaintiff had filed a notice of appeal of this court's November 15, 2010 order dismissing the action upon his apparent failure to file an amended complaint (*see* docket #18).  As the court granted plaintiff's motion to for the district judge to reconsider its order, it appears to this court that plaintiff's appeal is moot.  Accordingly, plaintiff's motion for leave to proceed *in forma pauperis* on appeal (docket #21) is denied as moot.

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's motion for district judge to reconsider order (docket #17) is **GRANTED**.

**IT IS FURTHER ORDERED** that this court's order dismissing this action with prejudice (docket #15) is **VACATED**.

**IT IS FURTHER ORDERED** that the judgment entered on November 15, 2010 (docket #16) is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint (docket #24) is **DISMISSED** with prejudice and without leave to amend for failure to state a claim for which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* on appeal (docket #21) is **DENIED** as moot.

5

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED _____7th_____ day of _____January_____, 2011.

_____
ROGER L. HUNT
Chief United States District Judge